GUS TAYLOR v. THE STATE.

No. 4002.   Decided March 22, 1916.

**1.—Rape—Continuance—Diligence.** .

Where, upon trial of rape, defendant's application for a continuance showed due diligence, and that the testimony of the absent witness was material, and this was shown in the trial of the case, the motion for new trial should have been granted.

**2.—Same—Evidence—Supporting Testimony.**

Where, upon trial of rape, the defendant testified, among other things denying that he saw a certain State's witness and talked to him, it was error to permit the State to call a witness in support of the testimony of another State's witness who said he had talked with defendant at a certain time and place.

**3.—Same—Marriage License—Evidence.**

Where, upon trial of rape, the age of the prosecutrix was an issue in the case, the marriage license if properly proven up would have been admissible iu evidence, it being in evidence that prosecutrix was born one year from said date of marriage.

Appeal from the District Court of Guadalupe.   Tried below before the Hon. M. Kennon.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Greenwood & Short,* for appellant.—On question of overruling motion for continuance:   Harris v. State, 172 S. W. Rep., 1146; La Fell v. State, 69 Texas Crim. Rep., 307, 153 S. W. Rep., 883; Robinson v. State, 71 Texas Crim. Rep., 561, 160 S. W. Rep., 456; Poulter v. State, 72 Texas Crim. Rep., 140, 161 S. W. Rep., 475; Medford v. State, 174 S. W. Rep., 607; Taylor v. State, 164 S. W. Rep., 844; Hays v. State, 164 S. W. Rep., 841; Wade v. State, 172 S. W. Rep., 215.

*C. C. McDonald,* Assistant Attorney General, for the State.—On the question of continuance:   Fifer v. State, 64 Texas Crim. Rep., 203; Mumphreys v. State, 57 id., 19; Gee v. State, 57 id., 151; Patton v. State, 58 id., 231; Gipson v. State, 58 id., 403; Vela v. State, 62 id., 361; McCuen v. State, 170 S. W. Rep., 738.

HARPER, JUDGE.—Appellant was convicted of rape and his punishment assessed at five years confinement in the State penitentiary.

The most serious question in the case is presented on the application for a continuance.   Diligence was used is unquestioned.   The subpoena had been duly issued and served, and the affidavit of one doctor and the certificate of another are attached to the application, certifying that appellant's wife had been sick with typhoid fever and was unable to. attend court.   The date of the alleged offense is fixed as the third Sunday in May, 1915.   Appellant on this trial swears that on this day he was not at home, and that he and his wife spent that day at the home

of Henry Neal. If he was at the Neal place on that day, it would disprove the case as made by the State's witness, Bertha Duhart. In the application for a continuance he swears that his wife would also testify that they spent that Sunday at Henry Neal's. Henry Neal and his wife swear that they did not do so, but that it was the first Sunday in May that appellant and his wife spent with them. He also swears in the application for a continuance that his wife will testify she was with him each Sunday in May, 1915. It is thus seen there is a direct conflict in this testimony, and if his wife had been present she would have supported his testimony.

Jarvis Dale, upon whose place appellant lived (as did the prosecuting witness), Jim Jones, a deputy sheriff, J. W. Jones, J. A. Lynch, R. Imhoff and J. C. White all testify that they knew appellant, and that his reputation as a peaceable, law-abiding citizen is good. The prosecuting witness swears positively to the act of intercourse. Appellant just as vehemently denies it. No other witness can or does testify to that fact. Under such circumstances we think appellant was entitled to have his wife's testimony on this contested issue, and the court erred in not granting a new trial, when the materiality of the wife's testimony became so manifest. Again, Henderson Duhart, the father of the girl, testified that he passed the place appellant was living on the third Sunday in May, and talked with appellant. Appellant denies that he saw Henderson Duhart on that day, and in this he would be supported by his wife. There was no impeachment of either of these witnesses, but testimony was admitted supporting the State's witness. Henderson Duhart said when he passed appellant's house and talked with him, he went and spent the day with Nannie McKnight. After appellant testified denying seeing State's witness and talking with him that day, the State was permitted to call Nannie McKnight and prove by her that Henderson Duhart and his wife did spend the third Sunday in May with her. She knew nothing as to the facts, but was called to prove this fact as tending to support Henderson Duhart's testimony. This supporting testimony should not have been admitted.

Under the record in this case the marriage license, if properly proven up, is admissible, as Henderson Duhart and his wife fixed the age of the girl by the fact that she was born one year from the date of their marriage. Then any proper evidence showing the date of the marriage would be admissible as affecting the age of the girl. However, the record should be properly proven up before being introduced in evidence.

The other bills in our opinion present no error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, JUDGE, absent.